## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| SAMANTHA BACON, BRITTANY SMITH, CHASSADY FULLER, JUSTIN SUTTLES, CHRISTY ALLRED, AMANDA RAUHUFF, and DONNA BURCHFIELD, On Behalf of THEMSELVES and All Others Similarly Situated, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | FAIR LABOR STANDARDS ACT |
| Plaintiffs, | ) | COLLECTIVE ACTION AND |
| | ) | RULE 23 CLASS ACTION |
| v. | ) | |
| | ) | |
| SUBWAY SANDWICHES AND SALADS, LLC, | ) | No. 3:14-cv-0192 |
| EASTERN TENNESSEE SUBWAY | ) | |
| DEVELOPMENT, INC., CHATTANOOGA | ) | JURY TRIAL DEMANDED |
| SUBWAY LLC, EAST TENNESSEE SUBWAY | ) | |
| LLC, TRI CITIES SUBWAY LLC, FIVE STAR | ) | |
| SUBWAY LLC, FOOTHILLS SUBWAY LLC, | ) | |
| SUBSIDY, LLC, SUBLAND PARTNERSHIP, | ) | |
| LOWE HOLDINGS, LLC, MACON SUBWAY, | ) | |
| LLC, JOHN P. BOIKE, and RANDALL E. LOWE, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Samantha Bacon ("Ms. Bacon"), Brittany Smith ("Ms. Smith"), Chassady

Fuller ("Ms. Fuller"), Justin Suttles ("Mr. Suttles"), Christy Allred ("Ms. Allred"), Amanda

Rauhuff ("Ms. Rauhuff"), and Donna Burchfield ("Ms. Burchfield") (collectively "Plaintiffs")

bring this lawsuit on behalf of themselves and all similarly situated individuals as a collective

action, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), and as a class

action, pursuant to Rule 23 of the Tennessee Rules of Civil Procedure, against Subway

Sandwiches and Salads, LLC, Eastern Tennessee Subway Development, Inc., Chattanooga

Subway LLC, East Tennessee Subway LLC, Tri Cities Subway LLC, Five Star Subway LLC,

Foothills Subway LLC, Subsidy, LLC, Subland Partnership, Lowe Holdings, LLC, Macon

Subway, LLC, John P. Boike, and Randall E. Lowe (collectively referred to as "Defendants").

Through this litigation, Plaintiffs seek to remedy Defendants' illegal practices of requiring employees to work while "off the clock" and of adjusting time records in order to cheat employees out of money owed to them for time actually worked. Defendants' actions have resulted in a failure to pay employees wages to which they are entitled by law and have unjustly enriched Defendants.

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs Samantha Bacon, Brittany Smith, Chassady Fuller, Christy Allred, Amanda Rauhuff, and Donna Burchfield are individuals and citizens of the State of Tennessee who were previously employed by Defendants. Plaintiff Justin Suttles is an individual and citizen of the State of North Carolina who was previously employed by Defendants while a citizen and resident of the State of Tennessee.

2.      Plaintiffs have consented to be parties in this action pursuant to 29 U.S.C. § 216(b) and have filed their requisite notices of consent to serve as party plaintiffs.

3.      Defendant Subway Sandwiches and Salads, LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent Randall E. Lowe. Defendant Subway Sandwiches and Salads, LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

4.      Defendant Eastern Tennessee Subway Development, Inc. is a Tennessee corporation with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Eastern Tennessee Subway Development, Inc. is actively engaged in the business of

operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

5. Defendant Chattanooga Subway LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Chattanooga Subway LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

6. Defendant East Tennessee Subway LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant East Tennessee Subway LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

7. Defendant Tri Cities Subway LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Tri Cities Subway LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

8. Defendant Five Star Subway LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Five Star Subway LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

9. Defendant Foothills Subway LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Foothills Subway LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

10. Defendant Subsidy, LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent John P. Boike. Defendant Subsidy, LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

11. Upon information and belief, Defendant Subland Partnership is a Tennessee general partnership with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon either of its partners, John P. Boike or Randall E. Lowe. Defendant Subland Partnership is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

12. Defendant Lowe Holdings, LLC is a Tennessee limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354, where it may be served with process upon its registered agent Randall E. Lowe. Defendant Lowe Holdings, LLC is actively engaged in the business of operating Subway restaurant franchises in Tennessee in a joint enterprise with the other Defendants.

13. Defendant Macon Subway, LLC is a Georgia limited liability company with its principal place of business at 600 Reliability Circle, Knoxville, Tennessee 37932-3354.

Defendant Macon Subway, LLC may be served with process upon its registered agent Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092. Defendant Macon Subway, LLC is actively engaged in the business of operating Subway restaurant franchises in a joint enterprise with the other Defendants.

14.     Defendant John P. Boike is an individual and citizen of the State of Tennessee residing in Knox County and may be served with process at 5304 Rio Vista Lane, Knoxville, TN 37919.

15.     Defendant Randall E. Lowe is an individual and citizen of the State of Tennessee residing in Blount County and may be served with process at 350 Keeble Road, Maryville, TN 37804.

16.     Upon information and belief, Defendants Randall E. Lowe and John P. Boike are owners of the combined Subway restaurant business operated by Defendants Subway Sandwiches and Salads, LLC, Eastern Tennessee Subway Development, Inc., Chattanooga Subway LLC, East Tennessee Subway LLC, Tri Cities Subway LLC, Five Star Subway LLC, Foothills Subway LLC, Subsidy, LLC, Lowe Holdings, LLC, Macon Subway, LLC, and Subland Partnership.

17.     Defendants jointly conducted and continue to conduct business activities and operate Subway restaurants throughout the State of Tennessee and in other states. Defendants were and are employers within the meaning of 29 U.S.C. § 203(d)(1) and were and are joint employers of Plaintiffs and other similarly situated employees together with other Defendants pursuant to 29 U.S.C. § 203(r)(1) and 29 U.S.C. § 207(b). Defendants are covered employers under 29 U.S.C. § 207(a)(1) of the FLSA because they employed Plaintiffs in commerce and in the operation of a commercial enterprise.

18.     At all relevant times, Defendants were engaged in the operation of Subway restaurants through an integrated enterprise within the meaning of 29 U.S.C. § 203(r) and, therefore, constitute a single employer for purposes of the Fair Labor Standards Act. Defendants have interrelated operations, including but not limited to common offices and common record keeping, common management, centralized control of personnel management, and, upon information and belief, common ownership. In particular, Defendants utilized standard employee and manager handbooks which established standardized policies and procedures, including policies related to payroll, which were used by all Defendants. Defendants gave these handbooks to each employee and each store manager in each Subway restaurant operated by Defendants. See Affidavit of Christy Allred, attached as Exhibit C to Plaintiffs' Motion for Collective Action Certification [Doc. 12] filed in this case.

19.     These handbooks, by their own terms, apply to all persons employed in Defendants' network of stores, including but not limited to the stores in east Tennessee, the Tri-Cities area, the Chattanooga area, and the Macon, Georgia area. Each handbook commonly identifies many of the Defendants as "the Company." Further, the introduction in one handbook states: "You have been hired as an employee of either Eastern Tennessee Subway LLC, Subsidy LLC, Five Star Subway LLC, Chattanooga Subway LLC, Tri Cities Subway LLC, Eastern Tennessee Subway Development, Inc., or Macon Subway LLC (hereinafter referred to generally as the "Company")." Notably, this handbook was given to an individual purportedly employed by Subway Sandwiches and Salads, LLC, a company not even named in this introduction.

20.     Another handbook identifies "SUBWAY" as having a principal place of business at "600 Reliability Circle, Knoxville, TN 37932." Notably, this is the same address which is listed as the principal office, mailing address, and/or registered agent's address for each of the

registered entity Defendants. Printouts from the Tennessee and Georgia secretary of state offices demonstrating the common offices and integrated operations of all of the registered entity Defendants are attached hereto as Exhibit A.

21. These facts show the interrelatedness of the operations, common management, centralized control of personnel management and common control necessary to establish that "the Company" is an integrated enterprise. Attached hereto as Exhibit B are the relevant pages from these employee handbooks. These handbooks were distributed by Defendants to Plaintiffs.

22. Defendants also employ individuals in senior management positions whose responsibilities apply across the various Defendant entities, including but not limited to Vice President of Operations, Director of Operations, District Manager, and General Manager. As evidence, Plaintiffs note that each handbook, which, upon information and belief, is given to each employee of Defendants, contains a directory with names and (phone numbers) for these persons. Further, each geographical area is listed as being under the control of the vice president of operations and other corporate officers. Thus, the same members of senior management provide services to Subway Sandwiches and Salads, LLC, Foothills Subway LLC, Five Star Subway LLC, Chattanooga Subway LLC, East Tennessee Subway LLC, and Tri-Cities Subway LLC. Attached hereto as Exhibit C are the relevant pages from these employee handbooks, with last names and phone numbers of employees redacted.

23. Each handbook also contains a single "main telephone number" for employees to call in an emergency or, according to one handbook, "for reporting employment issues." This number, with a Knoxville area code, is provided for the use of all employees regardless of whether they work in locations other than Knoxville, such as for other Defendants Chattanooga Subway LLC, Tri Cities Subway LLC, or Macon Subway, LLC.

24.     These facts demonstrate that Defendants operate a single, integrated enterprise in connection with employing Plaintiffs and other similarly situated employees. As described above, Defendants' integrated enterprise has utilized and continues to utilize shared offices, shared management, and shared control over employees, including Plaintiffs and others similarly situated, such that Defendants are a joint employer for purposes of the FLSA.

25.     As evidenced by their joint ownership, joint operations, joint policies and procedures, consolidated offices, shared employees and officers serving in a management capacity, and integrated corporate decisionmaking, Defendants each possessed the joint ability to control, hire, fire, and discipline employees, as well as the joint ability to determine employee compensation and to direct and supervise employee performance.

26.     Plaintiffs and all others similarly situated are current or former employees of Defendants and are covered employees under the FLSA.

27.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which permits actions under the FLSA to be maintained "in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

28.     The Court has personal jurisdiction over the Defendants, who, in the case of individuals, are citizens of the state of Tennessee and, in the case of corporations, partnerships, and limited liability companies, are incorporated or organized in Tennessee and/or have their principal places of business in the state of Tennessee.

29.     Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this judicial district because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

30.     Defendants employed Plaintiffs and others similarly situated for various lengths of time as workers in Subway restaurant franchises owned and operated by Defendants' integrated joint enterprise.

31.     Defendants employed each of the named Plaintiffs in this suit.

32.     Defendants employed Ms. Bacon at Defendants' Subway restaurants known as Subway #32911, located at 2919 Old Knoxville Hwy, Maryville, TN 37804, Subway #10578, located at 1502 E. Lamar Alexander Pkwy, Maryville, Tennessee 37804, and other locations from time to time.

33.     Defendants employed Ms. Smith at Defendants' Subway restaurants known as Subway #29923, located at 312 S. Calderwood St., Alcoa, TN 37701, Subway #39028, located at 2410 U.S. Highway 411 S, Maryville, TN 37804, Subway #45520, located at 806 Foothills Mall Drive, Maryville, TN 37801, Subway #10578, located at 1502 E. Lamar Alexander Pkwy, Maryville, Tennessee 37804, Subway #50146, located at 1080 Hunters Crossing Dr., Alcoa, TN 37701, and other locations from time to time.

34.     Defendants employed Ms. Fuller at Defendants' Subway restaurant known as Subway #45520, located at 806 Foothills Mall Drive, Maryville, TN 37801, and other locations from time to time.

35.     Defendants employed Mr. Suttles at Defendants' Subway restaurants known as Subway #5457, located at 10631 Chapman Highway, Seymour, Tennessee 37865, Subway #39028, located at 2410 US Hwy 411 S, Maryville, Tennessee 37804, and Subway #23020, located at 164 A-2 Foothills Mall, Maryville, Tennessee 37801, and other locations from time to time.

36.     Defendants employed Ms. Allred at Defendants' Subway restaurants known as Subway #5457, located at 10631 Chapman Highway, Seymour, Tennessee 37865, Subway #23020, located at 164 A-2 Foothills Mall, Maryville, TN 37801, and other locations from time to time.

37.     Defendants employed Ms. Rauhuff at Defendants' Subway restaurant known as Subway #10578, located at 1502 E. Lamar Alexander Pkwy, Maryville, TN 37804, and other locations from time to time.

38.     Defendants employed Ms. Burchfield at Defendants' Subway restaurants known as Subway #33136, located at 2041 W. Lamar Alexander Pkwy, Maryville, TN 37801, Subway #32911, located at 2919 Old Knoxville Hwy, Maryville, TN 37804, and locations from time to time.

39.     During the times they were employed by Defendants, Plaintiffs have been repeatedly and regularly required to work while "off the clock."

40.     This "off the clock" work has occurred in a variety of circumstances. In some cases, Defendants have required one or more Plaintiffs to clock out no later than 30 minutes after closing or sometimes before closing time, while still requiring Plaintiffs to continue working to clean the restaurant or perform other tasks, sometimes for hours after closing. This practice has resulted in a significant amount of actual time worked for which Plaintiffs were not paid and has denied Plaintiffs their right to minimum wage and overtime compensation in violation of the FLSA.

41.     At other times, Defendants have required Plaintiffs to work while "off the clock" for breaks. Often, after clocking out for their breaks, Plaintiffs have been required to work through their breaks if customers came into the restaurant during those times. This practice has

not only resulted in time worked for which Plaintiffs have not been paid, including unpaid minimum wage and overtime pay, but has also denied Plaintiffs the ability to take breaks during shifts as required by company policy and Tennessee law.

42. At other times, when Plaintiffs arrived for work when their respective restaurants were busy with customers, Plaintiffs would not be allowed to access the time clock in order to clock-in for the day because the time clock is part of the same computer console that functions as the cash register for each store. Because the computer was constantly in use for transactions with customers, Plaintiffs would be required to work off the clock to help the employees already on duty "catch up" the store before they could access the computer to clock-in for their shift.

43. Defendants also have not allowed Plaintiffs to clock in for store meetings, some of which last in excess of one hour. This practice has further led to Plaintiffs not being compensated for additional actual work they performed for Defendants, as well as not being paid the statutory minimum wage and overtime pay.

44. In one particular instance in March 2011, Defendants required Ms. Smith and many of Defendants' other employees to work at a March of Dimes yard sale held at Alnwick School in Blount County. Ms. Smith and other employees at Defendants' Subway restaurant locations were required to participate in this yard sale, which lasted for several hours, and were not paid for their time during this mandatory event.

45. In addition to requiring Plaintiffs to actually perform work while off the clock, Defendants have also frequently and willfully altered and manipulated company time records for the purpose of not paying employees for time those employees worked.

46. These manipulations come in the form of "hours adjustments" made to the company's payroll records. Managers at Defendants' restaurants have the ability to adjust hours

worked for any employees working at that particular restaurant through computer software accessible at the cash register, which also functions as a time clock.

47.     Upon information and belief, these willful alterations to the time worked by Defendants' employees are made by restaurant managers or general/division managers for the purpose of reducing labor costs and to enhance store performance so the managers would qualify for bonuses.

48.     All managers of Subway restaurants owned and operated by Defendants attend regular managers' meetings, where attendees discuss new products and promotions as well as issues that arise in the course of management of attendees' individual restaurants.

49.     Upon information and belief, store managers at Defendants' Subway locations receive a bonus that is based upon the ratio of sales to labor costs for the Subway locations that they manage. If labor costs for any given week are lower than 18% of the total net sales for that week, the store manager receives a significant bonus in addition to his or her salary. The ongoing practices of requiring employees to work while off the clock and cutting employees' time are a direct consequence of the financial incentives created by Defendants as a result of providing bonuses to managers based on low labor costs.

50.     Upon information and belief, the bonus system described above is utilized at all Subway restaurant franchises operated by Defendants. This system of bonus payments creates an incentive for managers to cut hours from employees' time that they have already worked, and, accordingly, this practice denies Defendants' employees fair pay for their work and results in the denial of minimum wage and overtime pay under the FLSA.

51.     Upon information and belief, these practices have gone on for several years and are ongoing. As a direct result of these practices, Plaintiffs and other employees of Defendants

have been denied lawful compensation for time worked, resulting in weekly pay at a rate below the federal statutory minimum wage and a denial of overtime compensation.

52.     Defendants and their corporate officers are aware that such practices take place at Subway restaurants owned by Defendants.

53.     Defendants' Subway store managers fax weekly payroll records to the Defendants for review, and the Defendants, including John P. Boike and Randall E. Lowe, are aware and have been aware of the ongoing practice of cutting time actually worked from employees' time sheets.

54.     As a result of Defendants' conduct as described more fully in the preceding paragraphs of this Complaint, which occurred extensively at Subway #5457, six of Defendants' employees obtained a judgment against many of the Defendants hereto in the amount of $15,000.00 for each plaintiff (more than ten times greater than each plaintiff's actual damages), plus attorneys' fees, in the case styled <u>Melodie Decker et al. v. Subway Sandwiches and Salads, LLC et al.</u>, United States District Court for the Eastern District of Tennessee, No. 3:12-cv-563.

55.     A former manager at Subway #5457 (Defendants' Seymour, Tennessee location where the plaintiffs in <u>Decker</u> worked), Brenda Gibbs, at the direction of Defendants' general manager Felicia Davis and others, repeatedly and intentionally removed hours from payroll records – hours that were actually worked by employees at her Subway location.

56.     Ms. Gibbs made these time record alterations because she was pressured to cut labor costs by Defendants' general manager Felicia Davis and Defendant Randall E. Lowe and because she feared losing her job if she did not comply.

57.     Plaintiff Justin Suttles was also employed by Defendants at Subway #5457, where he lost his rightfully earned wages as a direct result of Defendants' practices of altering time

records, requiring employees to work while "off the clock," and not compensating employees for other time actually worked.

58.     In a sworn statement given to Defendants' legal counsel in <u>Decker</u>, Ms. Gibbs admitted that she had altered employees' time records without their consent. Ms. Gibbs further admitted that her conduct was wrong and confirmed that Defendants' manager Wendy Latham taught Ms. Gibbs how to cut employees' time from the payroll records.

59.     While Plaintiff Samantha Bacon was employed at one of Defendants' Subway locations in Blount County, Ms. Gibbs informed Ms. Bacon that store manager Wendy Latham had been improperly cutting Ms. Bacon's time from the store's payroll records.

60.     Both Brenda Gibbs and Wendy Latham report to Felicia Davis, a general manager for Defendants who oversees approximately ten Subway locations.

61.     Upon information and belief, the same illegal practices that were ongoing at Subway #5457 and the restaurants overseen by Felicia Davis are also present in other restaurants owned and operated by Defendants and have led to other employees of Defendants being denied lawful compensation, minimum wage, and overtime pay for their work in violation of the FLSA, Tennessee state labor laws including T.C.A. § 50-2-103, and other state laws.

62.     These illegal practices have also unjustly enriched Defendants, who have retained the money earned by and owed to Plaintiffs and the Class.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

63.     Plaintiffs incorporate and reallege each allegation set forth in the preceding paragraphs of this Complaint.

64.     Plaintiffs and others similarly-situated are employees entitled to the FLSA's protections, and Defendants are employers covered by the FLSA, as provided in 29 U.S.C. § 203

*et seq.* Additionally, Defendants are a single joint employer for purposes of the FLSA and jointly exercise control over their employees, including Plaintiffs and others similarly situated.

65.     The FLSA entitles employees to compensation for every hour worked in the workweek. See 29 U.S.C. § 206. The actions of Defendants, including, but not limited to, requiring employees to work while "off the clock" for breaks and closing, failing to compensate employees for time spent attending staff meetings, and illegally altering time records to ensure employees are not paid for work actually performed, have denied and continue to deny Plaintiffs and others similarly situated the right to payment of minimum wage, the right to fair compensation for all time worked, and the right to overtime pay in violation of 29 U.S.C. § 207.

66.     Defendants' failure to pay their employees minimum wage, straight time compensation, and overtime are willful violations of the FLSA's provisions.

67.     Plaintiffs may represent their own interests as well as the interests of those other similarly-situated current and former employees at Subway restaurants owned and/or operated by Defendants as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Those similarly situated employees are readily identifiable, and may be located through an analysis of Defendants' payroll records. Similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

68.     Plaintiffs incorporate and reallege each allegation set forth in the preceding paragraphs of this Complaint.

69. In addition to bringing this action as a collective action for violation of the FLSA, Plaintiffs also bring this action for state law causes of action on their own behalf and on behalf of a class of persons pursuant to Tenn. R. Civ. P. 23. The Class is defined as follows:

> All current and former hourly employees of Defendants who worked and were not paid for all of their time worked during the last 6 years. Excluded are the plaintiffs in the Decker case and any other current or former employee who has executed a valid and binding release in favor of Defendants.

70. The period of time from April 11, 2008, until Defendants cease the unlawful conduct described herein may be referred to herein as the "Class Period".

71. The persons in the Class are so numerous that individual joinder of all members is impracticable under the circumstances of this case. Although the precise number of such persons is unknown, Plaintiffs aver, upon information and belief, that there are more than one thousand Class members.

72. There are common questions of law and fact specific to the Class that predominate over any questions affecting individual members, including:

(a) Whether the Defendants unlawfully failed to pay Class Members for their hours worked;

(b) Whether the Defendants' conduct was intentional;

(c) Whether Defendants have been unjustly enriched to the detriment of the Class such that Class members are entitled to restitution; and

(d) The amount of any damages.

73. Plaintiffs' claims are typical of the Class Members' claims, as they arise out of the same course of conduct and the same legal theories as the rest of the Class. Further, Plaintiffs challenge the practices and course of conduct engaged in by Defendants with respect to the Class as a whole.

74.     Plaintiffs will fairly and adequately protect the interests of the Class.

75.     Plaintiffs have retained competent and experienced class counsel.

76.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class is readily definable.  Prosecution as a class action will eliminate the possibility of repetitious litigation.  Separate actions by individual class members would also create a risk of inconsistent or varying judgments, which could establish incompatible standards of conduct for Defendant and substantially impede or impair the ability of class members to pursue their claims.  Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  This class action presents no difficulties in management that would preclude maintenance as a class action under Tenn. R. Civ. P. 23.

## COUNT II: BREACH OF CONTRACT

77.     Plaintiffs reassert and re-allege each allegation set forth in the above paragraphs.

78.     Plaintiffs and Class members and Defendants entered into employment agreements whereby Plaintiffs and Class members agreed to perform services for Defendants for which they would be compensated at an hourly rate.

79.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration. Plaintiffs and Class members have performed all conditions precedent, if any, required of them under the agreements.

80.     Defendants have failed and refused to perform their obligations in accordance with the terms and conditions of the agreement by failing to pay Plaintiffs and Class members for all time worked on behalf of Defendants and by failing to grant Plaintiffs and Class members

breaks as required by company policy and Tennessee law. Plaintiffs and the Class are thereby damaged in an amount to be determined at trial.

81.     Additionally, Plaintiffs seek compensation under a breach of contract theory for "gap time" claims – claims for unpaid wages resulting from Defendants' conduct as previously described in this Complaint and arising during any week in which a Plaintiff did not work in excess of 40 hours per week and whose hourly wage for that week did not fall below the statutory minimum wage as a result of Defendants' conduct. To the extent the FLSA provides no cause of action for "gap time" claims, those claims are properly brought pursuant to state law, including breach of contract and unjust enrichment causes of action. See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201-04 (2nd Cir. 2013).

## COUNT III: UNJUST ENRICHMENT

82.     Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this complaint.

83.     Alternatively, to the extent no contract exists between Plaintiffs and Class members and Defendants, Plaintiffs and Class members allege that Defendants have benefited and continue to benefit from their unlawful acts. It would be inequitable for Defendants to be permitted to retain the benefits of failing to pay monies legally due to Plaintiffs and the Class.

84.     Additionally, Plaintiffs seek compensation under an unjust enrichment theory for "gap time" claims – claims for unpaid wages resulting from Defendants' conduct as previously described in this Complaint and arising during any week in which a Plaintiff did not work in excess of 40 hours per week and whose hourly wage for that week did not fall below the statutory minimum wage as a result of Defendants' conduct. To the extent the FLSA provides no cause of action for "gap time" claims, those claims are properly brought pursuant to state law,

including breach of contract and unjust enrichment causes of action. <u>See</u> <u>Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192, 201-04 (2nd Cir. 2013).

85.     By reason of their unlawful conduct, Defendants should make restitution to Plaintiffs and the Class. To the extent Plaintiffs are required to have exhausted administrative remedies before bringing an unjust enrichment claim, exhaustion of any such remedies is not required in this instance because: (a) the issues are of the type that would be appropriate for judicial determination, and (b) applying the doctrine here would result in substantial financial hardship, inequity, and economic inefficiency and would violate public policy. Further, any action which might have been taken by Plaintiffs to pursue administrative remedies would have been futile as demonstrated by Defendants ignoring past complaints and threatening to fire employees who pursued claims internally within the company. Specifically, when plaintiffs in the <u>Decker</u> case (discussed in Paragraph 54-55 *supra*) contacted the hotline for the national Subway franchisor to complain about Defendants' illegal practice of removing hours actually worked from employees' time records, Defendants retaliated against those employees by threatening to discover and fire the person who made the anonymous call and by continuing to cut hours from employees' time records.

86.     In equity and upon the principles of a contract implied in law and/or quasi-contract, among other bases for recovery under an unjust enrichment theory, Defendants should not be allowed to retain the economic benefit derived from said improper conduct and should be ordered to pay restitution and pre-judgment interest to Plaintiffs and Class members.

### COUNT IV: CONVERSION

87.     Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this complaint.

88.     Plaintiffs and Class members were and are entitled to immediate possession of their wages for times they actually worked while employed by Defendants.

89.     Plaintiffs and Class members' wages are tangible property to which Plaintiffs and Class members had an immediate entitlement in the form of specifically identifiable funds, rather than a general right to receive payment in the future.

90.     Defendants have intentionally, maliciously, without justification, and for their own use and benefit appropriated Plaintiffs' and Class members' property by exercising dominion and control over Plaintiffs' and Class members' wages for the purpose of depriving Plaintiffs and Class members of their rights permanently and indefinitely in defiance of their rights as lawful owners of their property.

91.     Defendants' actions have directly resulted in actual damages to Plaintiffs and the Class in an amount to be determined at trial.

## COUNT V: CIVIL CONSPIRACY

92.     Plaintiffs incorporate and re-allege each allegation set forth in the preceding paragraphs of this complaint.

93.     To the extent this Court determines that Defendants are not a single, integrated enterprise as alleged *supra*, Plaintiffs alternatively allege that each named Defendant to this suit conspired with each other and additionally conspired with Defendants' other corporate officers, managers, and/or agents, including but not limited to Brenda Gibbs, Felicia Davis, and Wendy Latham, for the purpose of converting the rightfully earned wages of Defendants' employees, breaching employment contracts entered into with Defendants' employees, unjustly enriching themselves at the expense of Plaintiffs and Class members, and violating state and federal laws, including but not limited to the FLSA.

94.     Specifically, among other instances of conspiracy, Defendants conspired with their store manager and district manager employees, including Brenda Gibbs, Felicia Davis, Wendy Latham, and many others by instituting and carrying out a bonus scheme which incentivizes store managers and district managers to reduce labor costs. In order to qualify for the bonuses, the store and district managers, at the direction of the Defendants, have developed and employed a scheme to illegally alter employee time records and to force employees to work while "off the clock" in order to reduce overall labor costs.

95.     As a direct result of the conspiracy, Defendants have converted Plaintiffs' and Class members' wages, breached employment contracts entered into with Plaintiffs and the Class, unjustly enriched themselves at the expense of Plaintiffs and Class members, and violated state and federal laws, including but not limited to the FLSA.

96.     As a direct result of the conspiracy, Plaintiffs and the Class have suffered actual damages in an amount to be determined at trial.

## JURY TRIAL DEMANDED

97.     Plaintiffs demand a jury trial on issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves, all others similarly situated who opt-in to the FLSA collective action, and on behalf of the Rule 23 Class, where applicable:

1.     That summons be issued and that Defendants be duly served with a copy of this Complaint and required to answer same, and that this Court decree and enter judgment;

2.     That the Court certify this matter as a collective action and appoint Plaintiffs as representatives pursuant to 29 U.S.C. §216(b);

3.     That the Court appoint undersigned counsel as counsel for the collective action and the Class;

4.     That the Court certify the Class as proposed and appoint the Plaintiffs as representatives of the Class pursuant to Tenn. R. Civ. P. 23;

5.     That the Court decree that Defendants violated the Fair Labor Standards Act and award compensatory damages to Plaintiffs and the Class resulting from the various acts of wrongdoing under the Fair Labor Standards Act, including failure to pay lawful minimum wage, overtime, and straight-time compensation, in such amounts as represent the losses actually suffered by Plaintiff and the Class;

6.     That the Court decree that Defendants willfully and/or intentionally violated the Fair Labor Standards Act and award liquidated damages to Plaintiffs and the Class;

7.     That the Court decree that Defendants are jointly and severally liable for damages for violations by Defendants;

8.     That the Court award Plaintiffs their reasonable costs, plus reasonable attorneys' fees under the FLSA;

9.     That the Court decree that Defendants breached contracts with Plaintiffs and the Class and award actual damages to the Class;

10.     That the Court decree that Defendants have been unjustly enriched by their wrongful conduct, and award restitution to Plaintiffs and the Class;

11.     That the Court decree that Defendants have unlawfully converted the property of Plaintiffs and the Class, and award actual damages to Plaintiffs and the Class as well as punitive damages in the amount of fifty times actual damages;

12. That the Court decree that Defendants conspired to convert the property of Plaintiffs and the Class, conspired to breach contracts with Plaintiffs and the Class, conspired to unjustly enrich themselves at the expense of Plaintiffs and Class members, and conspired to violate state and federal laws, including but not limited to the FLSA, and, accordingly, that the Court award actual and punitive damages to the Class;

13. That the Court award Plaintiffs and the Class all available pre-judgment and post-judgment interest, to the fullest extent available under law or equity;

14. That the Court order such other, further, and general relief as is just and proper.

Respectfully submitted this 2nd day of July, 2014.

**LACY, PRICE & WAGNER, PC**

By: _____/s/ W. Allen McDonald_____
James H. Price (BPR #016254)
W. Allen McDonald (BPR #016210)
Michael R. Franz (BPR #031664)
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923
(865) 246-0800
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of July, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. New Defendant Macon Subway, LLC will be served with leading process pursuant to Fed. R. Civ. P. 4. Parties may access this filing through the Court's electronic filing system:

Robert L. Bowman, Esq.
George R. Arrants, Esq.
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

By: /s/ W. Allen McDonald_____
W. Allen McDonald (BPR #016210)
LACY, PRICE & WAGNER, P.C.
*Attorneys for Plaintiffs*