IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| SAMANTHA BACON, BRITTANY SMITH, ) <br> CHASSADY FULLER, JUSTIN SUTTLES, ) <br> CHRISTY ALLRED, AMANDA RAUHUFF, ) <br> and DONNA BURCHFIELD, On Behalf of ) <br> THEMSELVES and All Others Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SUBWAY SANDWICHES AND SALADS, LLC, ) <br> EASTERN TENNESSEE SUBWAY ) <br> DEVELOPMENT, INC., CHATTANOOGA ) <br> SUBWAY LLC, EAST TENNESSEE SUBWAY ) <br> LLC, TRI CITIES SUBWAY LLC, FIVE STAR ) <br> SUBWAY LLC, FOOTHILLS SUBWAY LLC, ) <br> SUBSIDY, LLC, SUBLAND PARTNERSHIP, ) <br> LOWE HOLDINGS, LLC, MACON SUBWAY, ) <br> LLC, JOHN P. BOIKE, and RANDALL E. LOWE, ) <br> ) <br> Defendants. ) | FAIR LABOR STANDARDS ACT <br> COLLECTIVE ACTION AND <br> RULE 23 CLASS ACTION <br><br> No. 3:14-cv-0192 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT [DOC. 22]**

COME NOW the Plaintiffs, Samantha Bacon, Brittany Smith, Chassady Fuller, Justin Suttles, Christy Allred, Amanda Rauhuff, and Donna Burchfield, by and through counsel, and submit their response to the Motion to Dismiss Amended Complaint [Doc. 22] filed by Defendants in this matter. In response to the Motion to Dismiss, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs and others similarly situated worked for Defendants at their Subway restaurant franchises in East Tennessee, Georgia, and other geographic regions. In this case, Plaintiffs contend that Defendants failed to pay them for all time legitimately worked as a result of (1)

intentional adjustments to payroll records to deny employees compensation for time actually worked and (2) requiring employees to perform work while "off the clock."

Plaintiffs filed their initial Complaint in this matter in state court on April 11, 2014, alleging violations of the Fair Labor Standards Act ("FLSA") as well as state law causes of action for breach of contract, unjust enrichment, conversion, and civil conspiracy. On June 11, 2014, after removal to this Court, Defendants filed their first Motion to Dismiss and Memorandum of Law in Support [Docs. 9 and 10]. Plaintiffs filed an Amended Complaint [Doc. 14] as of right on July 2, 2014, clarifying their claims and adding an additional Defendant, Macon Subway, LLC. On July 16, 2014, all Defendants, including Macon Subway, LLC, filed a second Motion to Dismiss and Memorandum of Law [Docs. 22 and 23] seeking dismissal of (1) Plaintiffs' state law breach of contract and unjust enrichment claims to the extent they seek overtime compensation; (2) Plaintiffs' state law conversion claim; (3) Plaintiffs' unjust enrichment claim; (4) Plaintiffs' FLSA claims based upon a "joint employer" theory; and (5) Plaintiffs' civil conspiracy claim. For the reasons stated below, each of these arguments fails, and Defendants' Motion to Dismiss should be denied in its entirety.

**MOTION TO DISMISS STANDARD**

"When considering a motion to dismiss, the allegations in the complaint will be construed broadly and liberally…" Bituminous Cas. Corp. v. Walden Resources, LLC, 672 F. Supp. 2d 835, 840 (E.D. Tenn. 2009). "All well-pleaded facts in the complaint are taken as true, and the Court will draw all reasonable inferences in favor of the pleader from the underlying facts. Id. at 840-41 (citing Ludwig v. Bd. of Trs. of Ferris State Univ., 123 F.3d 404, 408 (6th Cir. 1997)). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief," Smith v.

Grumman-Olsen Corp., 913 F. Supp. 1077, 1081 (E.D. Tenn. 1995) (citing Meador v. Cabinet for Human Res., 902 F.2d 474, 475 (6th Cir. 1990)), and should not be "based upon a disbelief of a complaint's factual allegations." Smith, 913 F. Supp. at 1081 (citing Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990)).

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[a] court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. Even under the heightened pleading standards imposed by Fed. R. Civ. P. 9(b), courts "should hesitate to dismiss an action when the facts underlying the claim are within the defendants' control, especially when no discovery has been conducted." Caboodles Cosmetics, Ltd. Partnership v. Caboodles, LLC, 412 F.Supp.2d 872, 879 (W.D. Tenn. 2006) (citing Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988)).

Detailed pleading is also not required to state a claim under the FLSA. As recently recognized by another court in the Sixth Circuit, "[c]ontrary to Defendants' assertion, federal courts in the aftermath of Twombly and Iqbal have held that extensive pleading is not required in the context of an FLSA claim." Hellenberg v. Integrated Deicing Services, LLC, No. 10-CV-11364, 2011 WL 317733, *2 (E.D. Mich. Feb. 1, 2011) (citing Mathis v. Quicken Loans, Inc.,

3

2007 WL 3227598 (E.D. Mich. Sept. 7, 2007) (finding that the complaint satisfied the Twombly standard where plaintiffs alleged that defendants were employers as defined by the FLSA, briefly described their job functions and alleged that they routinely worked in excess of forty hours per workweek during the statutory period without overtime compensation).

Multiple courts have reached the same conclusion. See, e.g., Uribe v. Mainland Nursery, Inc., 2007 WL 4356609, *2-3 (E.D. Cal. Dec. 11, 2007) (plaintiffs who alleged they were non-exempt employees who had not been compensated at the appropriate overtime rates had satisfied the standard set forth in Twombly); Xavier v. Belfor USA Group, Inc., 2009 WL 411559 (E.D. La. Feb. 13, 2009) (plaintiffs alleged they routinely worked more than forty hours per week, were not paid overtime compensation, and were covered employees); Hoffman v. Cemex, Inc., 2009 WL 4825224, *3–4 (S.D. Tex. Dec. 8, 2009) (refusing to dismiss FLSA claim under Iqbal despite lack of "detailed factual allegations" where plaintiffs alleged that they were classified as non-exempt, they regularly worked more than 40 hours per week, and were not paid overtime rates); Haskins v. VIP Wireless Consulting, 2009 WL 4639070, *7 (W.D. Pa. Dec. 7, 2009) (applying Iqbal, dismissal of complaint inappropriate where plaintiff alleged that he worked more than 40 hours per workweek and did not receive overtime compensation); Hawkins v. Proctor Auto Serv. Center, LLC, 2010 WL 1346416, *1 (D. Md. Mar. 30, 2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied Iqbal)).

## ARGUMENT

**I.   Plaintiffs' state law breach of contract and unjust enrichment claims are not preempted by the FLSA.**

In their First Amended Complaint, Plaintiffs seek recovery of their unpaid wages under applicable state law, including breach of contract and unjust enrichment theories, in addition to

the FLSA. Furthermore, Plaintiffs present "gap time" breach of contract and unjust enrichment claims – claims which arise during any week in which a Plaintiff's "hourly wage for that week did not fall below the statutory minimum wage as a result of Defendants' conduct." First Am. Collective & Class Action Compl. ¶¶ 81, 83. To the extent the FLSA provides no cause of action for "gap time" claims, those claims are properly brought pursuant to state law, including breach of contract and unjust enrichment causes of action. See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201-04 (2nd Cir. 2013).

Defendants argue that Plaintiffs' breach and contract and unjust enrichment claims, including the gap time claims, are preempted by the FLSA to the extent those claims seek overtime compensation because they are "simply dual claims for unpaid overtime compensation, and are the same damages that arise under the FLSA." Mem. of Law in Supp. of Mot. to Dismiss [Doc. 23] at 3. With respect to gap time claims, Defendants' argument is entirely off the mark: gap time claims, by their very definition, do not seek overtime compensation; rather, they seek straight time compensation which may be recoverable in conjunction with overtime compensation. Thus, a successful gap time claim will recover compensation for unpaid wages that cannot be recovered through the FLSA and must be brought pursuant to state law.

> [T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold. The FLSA is unavailing even when an employee works over 40 hours per week and claims gap-time wages for those hours worked under 40 per week, unless the wages fall below the minimum threshold. This is because the statutory language simply does not contemplate a claim for wages other than minimum or overtime wages.

Nakahata, 723 F.3d at 201-02 (citations omitted); see also Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 116 (2nd Cir. 2013) (stating that gap-time claims are appropriately pursued under state law causes of action, "including a basic contract action"); Bassett v. Tenn. Valley Auth., No. 5:09-CV-00039, slip op. at 16-18 (W.D. Ky. June 13, 2013) (describing in

detail the two types of gap time claims, both of which are not covered by the FLSA: "pure gap time" – when an employee seeks recovery for unpaid wages during a given week in which the employee did not work in excess of 40 hours and in which the employee's hourly wage for that week did not fall below the statutory minimum – and "overtime gap time" – when an employee seeks recovery for unpaid wages during a given week in which the employee did work in excess of 40 hours but the employee's hourly wage for that week did not fall below the statutory minimum). Because the statutory scope of the FLSA does not reach gap time claims, those claims cannot be preempted and must be brought under state law causes of action.

However, even to the extent Plaintiffs' breach of contract and unjust enrichment causes of action may overlap with the FLSA, the FLSA does not preempt these state law claims on any level. While the Sixth Circuit has not yet addressed this issue, district courts in Tennessee, including this Court, have found that the FLSA does not preempt unjust enrichment or breach of contract claims. See Cannon v. Citicorp Credit Servs., Inc., No. 2:12-cv-00088, slip op. at 9 (E.D. Tenn. Mar. 26, 2014); Woodall v. DSI Renal, Inc., No. 2:11-cv-02590-SHM-dkv, slip op. at 8-15 (W.D. Tenn. Mar. 27, 2012); Carter v. Jackson-Madison County Hosp. Dist., No. 1:10-cv-01155-JDB-egb, slip op. at 16-21 (W.D. Tenn. Mar. 31, 2011); Abadeer v. Tyson Foods, Inc., No. 3:09–00125, slip op. at 5-7 (M.D. Tenn. July 10, 2009).

In Cannon, Judge Greer reviewed all the district court decisions of this circuit and found Woodall and Carter to be persuasive. Cannon, No. 2:12-cv-00088, slip op. at 9. Relying on those cases, Judge Greer held "it is clear from Woodall and Carter that breach of contract claims and unjust enrichment claims are not preempted by the FLSA." Id. Accordingly, Judge Greer denied the defendant's motion to dismiss on those claims while noting that it might be necessary to reassess the issue at a later time if a question were to arise regarding a duplication of remedies.

Plaintiffs agree that, as in Cannon, it may be necessary to reevaluate this issue at a later date in order to prevent a double recovery. At this stage, however, it is improper to dismiss any of Plaintiffs' claims.

Including the Tennessee federal court decisions cited above, the majority of district courts within the Sixth Circuit[1] agree that the FLSA does not preempt state law claims. Monahan v. Smyth Auto., Inc., No. 1:10-CV-00048, 2011 U.S. Dist. LEXIS 9877, *10–12 (S.D. Ohio Feb. 2, 2011); Matthews v. ALC Partner, Inc., No. 2:08–cv–10636, 2008 U.S. Dist. LEXIS 107337, *36–37 (E.D. Mich. Dec. 9, 2008); Guerrero v. Brickman Group, LLC, 1:05–CV–00357–DT, 2007 U.S. Dist. LEXIS 21126, *29–32 (W.D. Mich. Mar. 26, 2007); Corre v. Steltenkamp, 2006 U.S. Dist. LEXIS 66868, *12 (E.D. Ky. Aug. 16, 2006) ("The FLSA does not completely preempt the wage and hour field. State regulation is permissible and contemplated under federal law."); Hasken v. City of Louisville, 173 F.Supp.2d 654, 663–64 (W.D. Ky. 2001) (The "FLSA does not preempt state wage and hour laws."). But see Pacheco v. Boar's Head Provisions Co., No. 1:09–CV–298, 2010 U.S. Dist. LEXIS 30463, at *14–15 (W.D. Mich. Mar. 30, 2010). As the Court stated in Woodall, "The more persuasive opinions hold that the FLSA does not preempt state-law claims." Woodall, No. 2:11-cv-02590-SHM-dkv, slip op. at 11.

II. **Plaintiffs' state law conversion cause of action states a claim upon which relief can be granted.**

In response to Plaintiffs' state law claim for conversion of unpaid wages, Defendants disingenuously state that Tennessee courts have "consistently" held that conversion is not an appropriate cause of action to recover compensation allegedly owed to an employee. Mem. of

---

[1] Of the circuit courts of appeal outside the Sixth Circuit to address the issue, the circuits are evenly split. The First and Fourth Circuits have decided that the FLSA preempts state-law claims, and the Second and Ninth Circuits have disagreed. See Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234 (2d Cir. 2011); Wang v. Chinese Daily News, Inc., 623 F.3d 743 (9th Cir. 2010), *vacated on other grounds by* Chinese Daily News, Inc. v. Wang, 132 S.Ct. 74 (2011); Anderson v. Sarah Lee Corp., 508 F.3d 181 (4th Cir. 2007); Roman v. Maietta Const., Inc., 147 F.3d 71 (1st Cir. 1998).

Law in Supp. of Mot. to Dismiss [Doc. 23] at 5. In support of this supposedly "consistent" position within Tennessee case law, Defendants cite only two cases, neither of which is applicable here. River Park Hosp., Inc. v. BlueCross BlueShield of Tenn., Inc., 173 S.W.3d 43 (Tenn. Ct. App. 2002) involved a hospital's claim for conversion of emergency room services against an insurance company and implicated neither unpaid wages nor an employment relationship. Similarly, the unreported federal court case Bowman v. PHP Companies, Inc., No. 3:04-cv-114 (E.D. Tenn. Nov. 8, 2005) dealt with sales commissions and other incentive payments, not unpaid wages. In Bowman, this Court noted that it could find no Tennessee cases addressing whether an employer's failure to pay compensation to an employee could constitute conversion. See Bowman, slip op. at 19. Since the unreported Bowman memorandum opinion in 2005, Plaintiffs have also been unable to find any reported Tennessee cases addressing this issue. Accordingly, whether an employee may bring a conversion claim to recover unpaid wages from an employer is an open question of law in Tennessee.

While some courts in other states have held that a conversion claim is not an appropriate means to recover unpaid wages from an employer because employees have no immediate right to possession of their wages, other courts have reached the opposite conclusion. See, e.g., Sims v. AT&T Mobility Servs. LLC, No. 2:12-CV-2702-JAM-AC, slip op. at 12-16 (E.D. Cal. 2013) (compiling several relevant California Supreme Court opinions and noting "there is clear authority under California law that employees have a vested property interest in the wages that they earn, failure to pay them is a legal wrong that interferes with the employee's title in the wages, and an action for conversion can therefore be brought to recover unpaid wages"); see also Ocean Club Cmty. Ass'n v. Curtis, 935 So. 2d 513 (Fla. Dist. Ct. App. 2006) (awarding attorneys' fees on a judgment for conversion of unpaid wages previously affirmed by the District

Court of Appeals). The rationale of California courts in sustaining conversion claims for unpaid wages – that "employees possess equitable title in their earned but unpaid wages because the employer ha[s] a legal obligation to pay them," see Sims, No. 2:12-CV-2702-JAM-AC, slip op. at 14 – is a more persuasive argument than the outdated and illogical restrictions on the definitions of conversion adopted by other states. Plaintiffs have an immediate right to their unpaid wages and hold equitable title over wages earned but unpaid, see First Am. Compl. ¶¶ 88-90, such that conversion is an appropriate remedy to recover the amounts owed, and this Court should permit Plaintiffs to move forward with their claim for conversion.

### III. Plaintiffs have appropriately pled their breach of contract and unjust enrichment claims in the alternative.

Next, Defendants argue that Plaintiffs' unjust enrichment claim fails to state a claim upon which relief can be granted because Plaintiffs have simultaneously alleged the existence of a contract between Plaintiffs and Defendants. However, Plaintiffs' First Amended Complaint has properly alleged the breach of contract and unjust enrichment claims in the alternative. See First Am. Compl. [Doc. 14] ¶ 83 ("Alternatively, to the extent no contract exists between Plaintiffs and Class members and Defendants, Plaintiffs and Class members allege that Defendants have benefited and continue to benefit from their unlawful acts.").

Alternative pleading is entirely permissible under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); see also United States ex rel. MESA Assocs., Inc. v. Pas-Coy, LLC, No.: 3:12-cv-568 (E.D. Tenn. July 23, 2013) (declining to dismiss an alternatively-pled *quantum meruit*

claim even when the defendant admitted the existence of a valid contract in its answer, noting that the course of litigation is never certain and that the defendant could always repudiate its concession of a valid contract at a later time).

IV. **Plaintiffs have alleged sufficient facts to establish both "integrated enterprise" and "joint employer" theories of recovery.**

Throughout their First Amended Complaint, Plaintiffs plead (and allege numerous facts supporting) both that Defendants operate an "integrated enterprise" under the FLSA, see, e.g., First Am. Compl. ¶ 18, and constitute a "joint employer" under the FLSA, see, e.g., First Am. Compl. ¶ 17. In their Motion to Dismiss and accompanying Memorandum of Law, Defendants argue that Plaintiffs have failed to establish that Defendants are the "joint employer" of Plaintiffs. Mem. of Law in Supp. of Mot. to Dismiss [Doc. 23] at 7-8; however, Defendants do not explicitly contest Plaintiffs' assertion of the "integrated enterprise" theory.

First, even though Defendants have not attacked Plaintiffs' "integrated enterprise" allegations, Plaintiffs have pled ample evidence to state a claim against each and every Defendant under both the "integrated enterprise" and "joint employer" theories, which, although related, are "analytically distinct." Sanford v. Main Street Baptist Church Manor, Inc., 327 Fed. App'x 587, 592 (6th Cir. 2009). Under the integrated enterprise test, the Sixth Circuit has found entities so interrelated that they constitute a single employer for purposes of imposing liability under federal statutes. See, e.g., Armbruster v. Quinn, 711 F.2d 1332 (6th Cir. 1983), *abrogated on other grounds by* Arbaugh v. Y&H Corp., 546 U.S. 500 (2006) (discussing the integrated enterprise test in the context of Title VII claims). Under the "integrated enterprise" or "single employer" test, the Sixth Circuit considers four factors: "(1) interrelated operations, i.e., common offices, common record keeping, shared bank accounts and equipment; (2) common management, common directors and boards; (3) centralized control of labor relations and

personnel management; and (4) common ownership or financial control." Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993-994 (6th Cir. 1997). "No one of these factors is conclusive, and all four need not be met in every case." Id. at 994.

This Court has specifically applied the integrated enterprise test to FLSA claims. See Boddy v. Astec, Inc., 1:11-cv-123, slip op. at 8-10 (E.D. Tenn. Nov. 13, 2012). Other courts have done the same. See Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 761-63 (W.D. Tenn. 2011) (conditionally certifying an FLSA collective action across multiple related entities under an integrated enterprise theory); Perez-Benites v. Noriega-Narvaez, No. 1:07-cv-1048, slip op. at 27-28 (W.D. Ark. May 20, 2011) (applying both joint employer and integrated enterprises theories and consequently denying defendants' motions for summary judgment); Takacs v. Hahn Auto. Corp., No. C-3-95-404, 1999 WL 33117265 (S.D. Ohio Jan. 4, 1999) (applying the integrated enterprise test to FLSA actions).

Whether multiple defendants operate as an integrated enterprise is a question of fact that cannot be resolved on a motion to dismiss. Thomas v. Bet Sound-Stage Restaurant/BrettCo, Inc., 61 F. Supp. 2d 448, 456 (D. Md. 1999); Dunn v. Tutera Group, 181 F.R.D. 653, 660 (D. Kan. 1998); Nielson v. Colo. Time Sys., Inc., No. 96-1096, 1996 WL 739016, *2 (D. Colo. Dec. 24, 1996); Gobert v. Saitech, Inc., No. 1:09CV673 LG-RHW, 2010 WL 1529354, *2 (S.D. Miss. Apr. 14, 2010); Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365 (2d Cir. 2000) Wilkens v. Toyotetsu Am., Inc., 2010 WL 457306, *2 (W.D. Tex. Feb. 5, 2010); Johnson v. Hosp. Corp. of Am., 2009 WL 3648448, *8 (W.D. La. Nov. 3, 2009). For example, in Rutter v. Picerne Dev. Corp. of Florida, No. H-07-3002, 2007 WL 4333618 (S.D. Tex. Dec. 10, 2007), the plaintiff alleged that the defendants were liable as her employers under an integrated enterprise theory.

According to the Court, this single allegation was sufficient to avoid dismissal under Rule 12(b)(6). The court held:

> [w]hether Picerne Investment Corporation [was] also an employer under the integrated enterprise analysis for purposes of Title VII liability cannot, obviously, be determined on the basis of the pleadings. Most cases addressing the integrated enterprise basis for liability do so under Rule 56, not Rule 12(b)(6), recognizing that, because the integrated enterprise test involves a detailed fact driven analysis, prior to discovery, it would be inappropriate for the Court to evaluate whether [a defendant] can be held liable as an employer under Title VII.

Id. at *3. (citing Johnson v. Cook Composites and Polymers, Inc., No. Civ. A. 99-4916(JEI), 2000 WL 249251, *4 (D.N.J. Mar. 3, 2000)).

At this early stage of the litigation and without the opportunity for any discovery, limited facts are available regarding how the Defendants operate their multi-store enterprise across East Tennessee, Georgia, and perhaps other states as well. However, what little is known clearly supports Plaintiffs' allegation that Defendants' operation is an integrated enterprise. For instance, Defendants manage all of their Subway locations, regardless of which entity actually owns or operates each particular location, from a principal office located at 600 Reliability Circle, Knoxville, Tennessee 37932. First Am. Compl. ¶¶ 3-16, 20 & Ex. A. Store managers from across Defendants' various geographic regions fax weekly payroll reports to the corporate headquarters for processing. First Am. Compl. ¶ 53. Each Defendant entity is, upon information and belief, owned by one parent entity or by one of the two individual Defendants, Randall Lowe and John Boike. First Am. Compl. ¶ 18.

Plaintiffs have presented other evidence supporting an integrated enterprise under the four factors adopted by the Sixth Circuit through the employee handbooks described in the First Amended Complaint. One handbook's introduction states: "You have been hired as an employee of either Eastern Tennessee Subway LLC, Five Star Subway LLC, Chattanooga Subway LLC,

12

Tri Cities Subway LLC, Eastern Tennessee Subway Development, Inc., or Macon Subway LLC (hereinafter referred to generally as the "Company")." See First Am. Compl. Ex. B [Doc. 14-2]. In addition to commonly identifying many of Defendants as "the Company," each handbook also contains a directory with a vice president of operations, director of operations, assistant to director of operations, and multiple district managers/area supervisors. See First Am. Compl. Ex. C [Doc. 14-3]. Each geographic area listed is apparently under the control of the vice president of operations and other corporate officers. Thus, all Defendants are taking advantage of the same management-level employees to operate their collection of stores.

Each handbook also contains a single "main telephone number" for employees to call in an emergency or, according to one handbook, "for reporting employment issues." Notably, this number (which has a Knoxville area code) is provided for the use of all employees regardless of whether they work in the Chattanooga area for Chattanooga Subway LLC, in upper East Tennessee for Tri Cities Subway LLC, or in Macon, Georgia for Macon Subway, LLC. These facts show the interrelatedness of the operations, common management, centralized control of personnel management, and common ownership of Defendants, which constitute evidence that "the Company" is an integrated enterprise.

This Court has previously found these and similar facts to be sufficient to allege an integrated enterprise for purposes of surviving a motion to dismiss. See E.E.O.C. v. Care Centers Management Consulting, Inc., 942 F.Supp.2d 771 (E.D. Tenn. 2013). In Care Centers, this Court found that the plaintiff had pleaded sufficient facts to show that the moving defendant was plaintiff's employer under a single employer or integrated enterprise theory. Id. at 778. The "sufficiently pleaded facts" upon which the Court relied included:

- the fact that the two entities listed the same principal address and mailing address with the Secretary of State;

- the fact that both entities had the same president, which evidenced common management;
- the fact that, in the employee handbook of the entity who was seeking dismissal, employees were instructed to call a 1-800 number for personnel issues that "could not be handled at the facility level" and the fact that this number was controlled by the non-moving defendant.

Id. at 779. Based on the above, this Court found that, in applying the evidence to the four factors necessary to establish an integrated enterprise, "the complaint pleads plausible facts sufficient to support the EEOC's 'single employer' or 'integrated enterprise' theory." Id. at 789.

In addition to this Court, other jurisdictions have relied on facts similar to those alleged in this case in finding integrated enterprise liability. For instance, in Ayala v. Metro One Sec. Systems, Inc., No. 11-CV-233(JG)(ALC), 2011 WL 1486559, *5-6 (E.D.N.Y. April 19, 2011), the district court denied a defendant's motion to dismiss for failure to allege sufficient facts to establish integrated enterprise liability because the plaintiffs alleged that defendants shared a single chief executive officer and common office space. Another district denied a defendant's motion to dismiss under similar facts where the plaintiff had pleaded that the two defendants shared the same employee handbook, shared common corporate officers, and shared the same agent for service of process. See Bass v. UPS Capital Corp., No. 08-1288, 2008 WL 4758612, *4 (E.D. La. Oct. 27, 2008).

As in these cases, Defendants share the same officers, the same agent for service of process, and the same headquarters. See First Am. Compl. Ex. A [Doc. 14-1] (compiling secretary of state filing information for each entity Defendant demonstrating identical principal offices and registered agent addresses for each Defendant). Defendants use an identical telephone number for employees of all Defendants to call for employment issues and issue the same handbook to employees of the Defendants. When properly construed, there is no legitimate

question that the First Amended Complaint contains facts and inferences to support a claim that Defendants operate an integrated enterprise.

The First Amended Complaint also contains sufficient facts to demonstrate a joint employer relationship. In <u>Politron v. Worldwide Domestic Services, LLC</u>, No. 3:11-0028, 2011 WL 1883116, *2 (M.D. Tenn. May 17, 2011), the district court considered the following factors in determining whether a joint-employer relationship existed: "exercise of authority to hire, fire and discipline; control over pay and insurance; and supervision." Plaintiffs have also pled sufficient facts to demonstrate these "joint employer" factors. The First Amended Complaint alleges that Defendants used standard employee handbooks, <u>see</u> First Am. Compl. ¶¶ 18-23, that each entity Defendant is commonly owned and controlled by a single parent entity or one of the two individual Defendants, <u>see</u> First Am. Compl. ¶ 18, and that all Defendants utilize the same corporate headquarters and principal office address. <u>See</u> First Am. Compl. Ex. A [Doc. 14-1] (compiling secretary of state filing information for each Defendant entity demonstrating identical principal offices and the same registered agents for each Defendant).

In addition to the pleadings, the Court need not look any further than the handbooks for evidence of joint employment. As Defendants have noted in their Response, one principle that impacts the issue of joint employment is "control of the employee's terms and conditions of employment." Mem. of Law in Supp. of Mot. to Dismiss [Doc. 23] at 7. The handbooks clearly establish the existence of a joint employer relationship because each geographic area is subjected to the control of the same corporate officers and corporate structure. For instance, a Subway store manager in Macon, Georgia who wants to report an "employment issue" would call the same number as a store manager employed in Maryville, Tennessee who wants to report the same issue. Because discovery has not commenced, limited facts are available regarding each

15

individual entity named as a defendant; however, the known facts demonstrate that Defendants have been acting together jointly in the control of Plaintiffs. As with "integrated enterprise" liability, Plaintiffs have clearly pled enough facts to survive Defendants' Motion to Dismiss on the issue of "joint employer" liability. See Zavala v. Wal-Mart Stores, Inc., 393 F.Supp.2d 295, 331 (D.N.J. 2005) (assuming the truth of the joint employer allegations in plaintiffs' complaint and finding that plaintiffs pled sufficient joint employer allegations to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss).

**V.     Plaintiffs' state law civil conspiracy cause of action states a claim upon which relief can be granted.**

Finally, Defendants argue that Plaintiffs' civil conspiracy cause of action fails to state a claim under Fed. R. Civ. P. 12(b)(6) because it fails to plead the allegations of civil conspiracy with particularity and because the claim is barred by the intracorporate conspiracy immunity doctrine. First, Plaintiffs have pled their civil conspiracy allegations with particularity by describing in detail the bonus scheme instituted by Defendants to create an incentive for district managers and store managers to engage in time adjustments to employee payroll records and to require employees to work while "off the clock" as a means of keeping labor costs low. See First Am. Compl. ¶¶ 47-50, 94. In the course of implementing this bonus scheme, all Defendants conspired with their district managers, store managers, corporate officers, and others. Id. ¶ 94. These details satisfy any requirement of pleading civil conspiracy with particularity.

Second, Plaintiffs' civil conspiracy claim is not automatically barred by the intracorporate conspiracy immunity doctrine because Plaintiffs have properly pled civil conspiracy as an alternative theory of recovery to Plaintiffs' "integrated enterprise" and "joint employer" allegations. See First Am. Compl. ¶ 93 ("To the extent this Court determines that Defendants are not a single, integrated enterprise as alleged *supra*, Plaintiffs alternatively allege

that each named Defendant to this suit conspired with each other and additionally conspired with Defendants' other corporate officers, managers, and/or agents, including but not limited to Brenda Gibbs, Felicia Davis, and Wendy Latham, for the purpose of converting the rightfully earned wages of Defendants' employees, breaching employment contracts entered into with Defendants' employees, unjustly enriching themselves at the expense of Plaintiffs and Class members, and violating state and federal laws, including but not limited to the FLSA."). As discussed in detail above, alternative pleading is absolutely permissible under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(d)(2) & (3).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that they have properly pled and supported each of their claims and theories in the First Amended Collective and Class Action Complaint, and that Defendants' Motion to Dismiss should be denied in its entirety.

Respectfully submitted this 6th day of August, 2014.

**LACY, PRICE & WAGNER, PC**

By: /s/ W. Allen McDonald
James H. Price (BPR #016254)
W. Allen McDonald (BPR #016210)
Michael R. Franz (BPR #031664)
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923
(865) 246-0800
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Robert L. Bowman, Esq.
George R. Arrants, Esq.
Kramer Rayson LLP
P.O. Box 629
Knoxville, TN 37901-0629

                                         By: /s/ W. Allen McDonald
                                                W. Allen McDonald (BPR #016210)
                                                LACY, PRICE & WAGNER, P.C.
                                                *Attorneys for Plaintiffs*