UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMANTHA BACON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-192-PLR-HBG |
| | ) | |
| SUBWAY SANDWICHES & SALADS, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Conditional Collective Action Certification and for Notice to Potential Class Members [Doc. 12]. The Defendants have responded in opposition to the Plaintiffs' motion, [Doc. 21], and the Plaintiffs have made a final reply in support of their position, [Doc. 26]. The Court has also considered various supplemental filings, [Docs. 29, 31, 34], and the parties have presented oral arguments to the Court. The Plaintiffs' motion is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED IN PART** and **DENIED IN PART**.

I.     **BACKGROUND**

In their Complaint, Plaintiffs allege that the Defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 205 *et seq.*, by failing to compensate them and other

similarly-situated employees for all hours worked. The Defendants deny liability. [See Docs. 9, 22].

This case was originally filed on April 11, 2014, in the Circuit Court for Sevier County, Tennessee, and then removed to this Court on May 13, 2014. The Defendants filed a Motion to Dismiss on June 11, 2014. [Doc. 9]. On July 2, 2014, the Plaintiffs filed an Amended Complaint [Doc. 14], and on July 16, 2014, the Defendants filed a Motion to Dismiss the Amended Complaint [Doc. 22]. This case has not yet been set for trial.

## II. POSITIONS OF THE PARTIES

Plaintiffs allege that Defendants are a collection of entities operating Subway restaurant franchises in Tennessee as a joint enterprise. Plaintiffs allege that they were employed by Defendants, as non-manager employees, at these restaurants. The Plaintiffs allege that Defendants violated the FLSA by, *inter alia*: requiring employees to work while "off the clock" for breaks and closing, failing to compensate employees for time spent attending staff meetings, and illegally altering time records to ensure employees are not paid for work actually performed. The Plaintiffs maintain that Defendants have denied and continue to deny Plaintiffs and other similarly situated persons the right to payment of minimum wage, the right to fair compensation for all time worked, and the right to overtime pay in violation of the FLSA.

For purposes of the FLSA, Plaintiffs allege that "Defendants operate a single, integrated enterprise in connection with employing Plaintiffs and other similarly situated employees." [Doc. 14 at ¶ 24]. Additionally, Plaintiffs allege conversion, civil conspiracy, breach of contract, and in the alternative, unjust enrichment.

In the instant motion, Plaintiffs move the Court to: (1) conditionally certify this action as a collective action pursuant to the FLSA, (2) permit expedited discovery – requesting that they identify potential opt-in plaintiffs – to be served upon the Defendants, and (3) implement a procedure whereby notice of Plaintiffs' FLSA claim can be sent to potential opt-in plaintiffs. The Plaintiffs propose that the collective action be composed of individuals who were non-manager employees of Defendants at Defendants' Subway restaurants during the three years immediately preceding entry of the Order certifying the collective action.

Plaintiffs acknowledge that they must demonstrate that the members of the collective action are similarly situated. Plaintiffs maintain that this lenient standard may be satisfied by showing that they and the "potential plaintiffs together were victims of a common policy or plan that violated the law." Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006) (citing Roebuck v. Hudson Valley Farms, Inc., 239 F.Supp.2d 234, 238 (N.D.N.Y. 2002)). Despite allegations that the Plaintiffs and proposed opt-in plaintiffs were only employed by two of the defendant entities: Defendant Subway Sandwiches and Salads, LLC and Defendant Foothills Subway LLC, Plaintiffs maintain that they have demonstrated that all of the Defendants' non-manager employees employed at Defendants' Subway restaurants are similarly situated because: (a) they all were or are paid by the hour at approximately the same rate of pay; (b) they all worked off-the-clock and were not paid for all hours worked; (c) they were all subjected to Defendants' illegal practice of cutting time actually worked from employee payroll records; and (d) they performed nearly identical job duties on a day-to-day basis for Defendants.

The Defendants maintain that the employee-employer relationship between the Plaintiffs and potential opt-in plaintiffs and the Defendants has not been established. Defendants concede that six of the seven named plaintiffs were employed by Defendant Subway Sandwiches &

3

Case 3:14-cv-00192-PLR-HBG Document 41 Filed 12/17/14 Page 3 of 14 PageID #: 385

Salads, LLC, and that one of the seven named Plaintiffs was employed by Defendant Foothills Subway, LLC. Defendants maintain that any collective action should be narrowly tailored and limited to these two employers, because Plaintiffs cannot show that a collective action against any of the other Defendants would be appropriate. The Defendants contend that the wage violations alleged by Plaintiffs are based upon isolated behavior and do not demonstrate a policy or practice on the part of the Defendants. The Defendants argue that the putative class can only be employees of Defendants, current or former, paid on an hourly basis who were not employed as store managers.

With regard to the Plaintiffs' proposed notice of lawsuit, the Defendants pose various objections to: the description of the lawsuit, the identification of counsel, the description of persons eligible to join the collective action, the length of the opt-in period, and the proposed three-year period of eligibility.

### III. ANALYSIS

The FLSA directs that an employee or employees may bring an action "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A collective action furthers several important policy goals. First, the collective action "allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Second, "[t]he

4

judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

A plaintiff alleging an FLSA violation can bring a collective action for similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." Comer, 454 F.3d at 546 (citations omitted). An FLSA representative action is called a collective action and is different from a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, in that it utilizes an opt-in mechanism rather than the opt-out mechanism employed under Rule 23. See id.

In an FLSA action, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." Hoffmann-La Roche, 493 U.S. at 169. Typically, courts have utilized a two-phase process in determining whether the proposed plaintiffs are similarly situated. The first phase takes place at the beginning of discovery, and the second phase occurs after opt-in forms have been disbursed and returned and discovery has been completed. See Comer, 454 F.3d at 547.

**A.  Conditional Certification of a Collective Action**

The instant case is at the first stage of certifying a representative class. "The purpose of the first stage, or conditional certification, is to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757-58 (W.D. Tenn. 2011). During the first stage, the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify." See Comer, 454 F.3d at 547. Nonetheless, "lead plaintiffs

bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs."

O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584 (6th Cir. 2009).

The Court of Appeals for the Sixth Circuit has explained this standard by stating:

> The Fair Labor Standards Act does not define "similarly situated," and neither has this court. However, district courts have based their final-certification decisions on a variety of factors, including the "factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." The lead plaintiffs bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs. Showing a "unified policy" of violations is not required, though.

Id. at 584 (internal citations removed). Consistent with this standard, plaintiffs may be deemed "similarly situated, because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Id. at 585.

In this case, the Court finds that Plaintiffs have fulfilled their burden by demonstrating that the claims of the Plaintiffs and the potential opt-in plaintiffs are unified by common theories of Defendants' statutory violations. The Court finds that the Plaintiffs' proofs and the potential opt-in plaintiffs proofs will be somewhat individualized depending on the entity for which they worked and the location at which they worked. However, the Court finds that this degree of individualization does not defeat the showing of substantial similarity at this stage.

In making this determination, the undersigned relies upon the Affidavit of Christy Allred [Doc. 12-3], including her descriptions of the duties of non-manager employees at Defendants' restaurants, the overlapping roles of Defendants' personnel, and the uniformity of the Defendants' personnel handbook. The Court has also considered the Affidavit of Brenda Gibbs [Doc. 26-1]. Specifically, the Court has considered Ms. Gibbs's statement that "managers and/or

6

district managers required employees to perform 'off-the-clock' work in a variety of circumstances" and her statement that she knew "these practices occurred in multiple stores owned and operated by Defendants." [Id. at ¶ 5]. The Court has also considered the Affidavit of Randell E. Lowe [Doc. 21-1] and the Affidavit of Felicia Davis [Doc. 21-2]. While Mr. Lowe and Mr. Davis's testimony may certainly aid in defending against Plaintiffs' claims later in this litigation, the Court finds that they do not undercut Plaintiffs' proof at this stage so as to preclude certification of a collective action.

Further, the Court has considered the Defendants' position regarding the Plaintiffs' employment with only two of the entities named as defendants: Defendant Subway Sandwiches and Salads, LLC and Defendant Foothills Subway LLC. As noted above, there are two Motions to Dismiss pending before the District Judge [Docs. 9 and 22], in which Defendants argue that the Plaintiffs have not demonstrated that the Defendants are joint employers for purposes of the FLSA. The presiding District Judge will determine whether the Plaintiffs' claims are susceptible to dismissal under Rule 12. It is not appropriate for the undersigned to make a preliminary determination on the merits of the Motions to Dismiss where the Court is satisfied that the Plaintiffs had made the required showing for collective action certification. Other Courts addressing the collective action issue, where dispositive motions are pending, have reached the same conclusion. See, e.g., Thompson v. Bruister & Assoc., Inc., 967 F. Supp. 2d 1204, 1213 (M.D. Tenn. 2013). Moreover, upon a ruling issuing on the dispositive motions, the Defendants will have an opportunity to move for decertification of the collective action.

The Plaintiffs have requested that a collective action be certified from the date on which the District Judge enters an Order ruling upon this issue – *i.e.* enters an Order adopting or declining to adopt this Report and Recommendation. In the Court's experience FLSA collective

actions generally date from the filing of the Complaint. See Pruiett v. W. End Rest., LLC, No. CIV. 3:11-00747, 2011 WL 5520969, at *5 (M.D. Tenn. Nov. 14, 2011) (dating the statute of limitations back from the date of the complaint.); see also Allred v. Subway Sandwiches, No. 3:14-CV-78, Doc. 41 (E.D. Tenn. June 2, 2014) (Guyton, M.J.) ; Larson v. The Rush, No. 3:12-CV-109, Doc. 28 (E.D. Tenn. Oct. 17, 2012) (Shirley, M.J.).

As noted by the Defendant, the applicable statute of limitations for this action may be either two years from the filing of the Complaint or it may be three years from the filing of the Complaint. See id. ("The plaintiff may recover compensatory damages under § 216(b) as far back as the statute of limitations will reach—that is, the plaintiff may recover up to two years of compensatory damages if the violation was not willful, and up to three years of compensatory damages if the violation was willful . . . ."). Given the Plaintiffs' allegations, the Court finds that at the first stage of collective action certification it is a better practice to calculate the scope of the class to be three years, even if some of the persons who initially receive notice will not ultimately be eligible for inclusion in the collective action. Adams v. MedPlans Partners, Inc., 2007 WL 4291303, *2 (W.D. Ky. 2007) (ordering notice sent to persons employed within three years of the filing of the action and noting this "order does not resolve the matter of the statute of limitations, and the Court recognizes that notice may be served to some putative plaintiffs for whom the statute has already run.")

Accordingly, the Court finds that the Plaintiffs have made the requisite, modest factual showing that the Plaintiffs and potential opt-in plaintiffs are similarly situated to the other employees they seek to notify. Therefore, the undersigned will recommend that the request for conditional certification be **GRANTED** for a collective action of non-manager employees, who performed work at Subway Restaurants for Subway Sandwiches & Salads, LLC; Eastern

8

Case 3:14-cv-00192-PLR-HBG   Document 41   Filed 12/17/14   Page 8 of 14   PageID #: 390

Tennessee Subway Development, Inc.; Chattanooga Subway, LLC; East Tennessee Subway, LLC; Tri Cities Subway, LLC; Five Star Subway, LLC; Foothills Subway, LLC; Subsidy, LLC; Subland Partnership; Lowe Holdings, LLC; Macon Subway, LLC; John P. Boike; and Randall E. Lowe, and were compensated for their work with an hourly wage, from April 11, 2011 to April 11, 2014.

**B.     Expedited Discovery**

The Plaintiffs have requested limited, expedited discovery. Specifically, Plaintiffs move the Court to order Defendants to produce a list containing the names, the last-known addresses, phone numbers, social security numbers, and e-mail addresses of all current and former employees of Defendants who were, at any point during the three years immediately preceding the final Order on this issue, non-manager employees at Defendants' Subway restaurant locations. Plaintiffs assert that Defendants should be ordered to produce this information as soon as possible to prevent any claims from being barred by the applicable statute of limitations. Plaintiffs suggest that the information should be provided within fourteen (14) days of the District Judge's Order on this Report and Recommendation.

The Defendants do not specifically oppose the Plaintiffs' request for expedited discovery in their response. [Doc. 21].

The Court finds that expedited discovery is appropriate, with certain limitations. The undersigned will recommend that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, and e-mail addresses[1] of persons who worked for the Defendants as non-manager, hourly-wage employees from three years preceding the filing of the Complaint, *i.e.* April 11, 2011 through the filing of the Complaint on to April 11, 2014. The

---

[1] If an email address was provided to Defendants, they are expected to produce it. However, the Court is aware that some employees may not have provided this information.

Court cannot find any basis for providing Plaintiffs' counsel highly-sensitive information, such as these employees' Social Security numbers, at this time.

The Court acknowledges that the Plaintiffs did not request that the Defendant be ordered to produce the dates of employment for these persons. However, it appears to the undersigned that this information is likely to be found at the same time and with the same effort as it will take to locate the names and addresses of these persons, and turning the dates of employment over is likely to streamline pretrial discovery and other issues. However, given the breadth of the information to be provided, the Court finds that the Defendant should be afforded twenty-one (21) days from entry of the District Judge's Order in which to provide the information.

The undersigned will recommend that the Defendants be ordered to produce the information stated above without Plaintiffs' being required to serve an interrogatory or request for production requesting its production. To the extent the Plaintiffs want to serve general discovery, Rule 26 of the Federal Rules of Civil Procedure permits them to serve such discovery upon the completion of a Rule 26(f) conference, and it appears that the parties' Rule 26(f) conference was conducted on December 8, 2014. [See Doc. 40].

Accordingly, the undersigned will recommend that the request for expedited discovery be **GRANTED IN PART** and **DENIED IN PART** and that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, and e-mail addresses of persons who worked for the Defendants as non-manager, hourly-wage employees from three years preceding the filing of the Complaint, *i.e.* April 11, 2011 through the filing of the Complaint on to April 11, 2014. The undersigned will recommend that the Defendants be ordered to produce this information within **twenty-one (21) days** of the District Judge's Order ruling upon this Report and Recommendation.

**C. Notice to the Potential Opt-In Plaintiffs**

The Plaintiffs have proposed a proposed opt-in notice and form. [Doc. 12-1]. The Defendants have posed specific objections to the form and contents of these documents. The Court has considered the Plaintiffs' proposal and the Defendants' objections. Consistent with the Court's previous ruling, see Hardesty v. Litton's, Case No. 3:12-CV-60-TAV-HBG, Doc. 23, the Court finds and orders that:

1. The heading of the notice[2] shall be abbreviated and modified to state:

<u>NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN</u>

AUTHORIZED BY THE HONORABLE PAMELA L. REEVES, UNITED STATES DISTRICT JUDGE, FOR THE EASTERN DISTRICT OF TENNESSEE

RE: FAIR LABOR STANDARDS ACT LAWSUIT

TO: All individuals, who were non-manager employees, performed work for any of the Defendants listed below, and were compensated for their work with an hourly wage, between April 11, 2011 and April 11, 2014.

DEFENDANTS: Subway Sandwiches & Salads, LLC; Eastern Tennessee Subway Development, Inc.; Chattanooga Subway, LLC; East Tennessee Subway, LLC; Tri Cities Subway, LLC; Five Star Subway, LLC; Foothills Subway, LLC; Subsidy, LLC; Subland Partnership; Lowe Holdings, LLC; Macon Subway, LLC; John P. Boike; and Randall E. Lowe.

---

[2] See Woods v. New York Life Ins. Co., 686 F.2d 578, 580 (7th Cir. 1982) ("[I]f the question meant to be asked is whether the notice should go out on court letterhead over the signature of a court official, we think the answer is no.")

11

# INTRODUCTION

. . . .

2. Both counsel for the Plaintiff and counsel for the Defendant shall be identified in the notice, and their contact information shall be provided therein.

3. The section entitled "Your Right to Participate in the Lawsuit" shall be modified to be consistent with ¶¶ 1-2 above. Specifically, the collective action definition shall include payment of hourly wages.

4. Both the notice and the opt-in form shall be modified to state that potential opt-in plaintiffs must return their consent form to Plaintiffs' counsel within **sixty (60) days** of its mailing.

5. Plaintiffs' counsel shall include their fax number in their contact information.

6. The sentence stating "You will not be required to pay any legal fees to these lawyers," found on the final page of the notice shall be modified to add the phrase, "unless there is a monetary recovery in this case." Additionally, Plaintiffs shall note in the same paragraph that: "Costs expended by Plaintiffs' counsel on your behalf will be deducted from your remaining recovery."

7. The Plaintiffs shall add the following statement to the Description of the Lawsuit: "The Defendants deny that they have violated any law, and they deny that they are liable to the Plaintiffs or these employees in any amount."

8. Plaintiffs shall also remove the signature block for the presiding District Judge from this notice. The Court will not be endorsing this notice.[3]

9. The proposed opt-in form [Doc. 12-2] shall be modified consistent with ¶¶ 1-7.

---

[3] See note 2.

Given the number of changes described herein, the undersigned will recommend that the Plaintiffs be ordered to file a blank copy of both the notice and opt-in form with the Court within **five (5) days** of the District Judge's Order on this Report and Recommendation.

IV. **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[4] that Plaintiffs' Motion for Conditional Collective Action Certification and for Notice to Potential Class Members **[Doc. 12]** be **GRANTED IN PART** and **DENIED IN PART**, and the undersigned **RECOMMENDS** that:

1. This case be conditionally certified as a collective action of non-manager employees, who performed work for Subway Sandwiches & Salads, LLC; Eastern Tennessee Subway Development, Inc.; Chattanooga Subway, LLC; East Tennessee Subway, LLC; Tri Cities Subway, LLC; Five Star Subway, LLC; Foothills Subway, LLC; Subsidy, LLC; Subland Partnership; Lowe Holdings, LLC; Macon Subway, LLC; John P. Boike; and Randall E. Lowe, and were compensated for their work with an hourly wage, from April 11, 2011 to April 11, 2014.

2. The request for expedited discovery be **GRANTED IN PART and DENIED IN PART,** and Defendants be **ORDERED** to produce a list of the names, the last-known addresses, phone numbers, and e-mail addresses of persons who worked for the Defendants as non-manager, hourly-wage employees from three years preceding the filing of the Complaint, *i.e.* April 11, 2011, through the filing of the Complaint on April

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

11, 2014, within **twenty-one (21) days** of entry of the Order ruling upon this Report and Recommendation.

3. The request for notice to the potential opt-in plaintiffs be **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff be **ORDERED** to modify the notice of suit and opt-in form in a manner consistent with the instructions above, and be **ORDERED** to file a blank copy of both the notice and the opt-in form with the Court within **five (5) days** of the District Judge's Order on this Report and Recommendation.

           Respectfully Submitted,

           */s/ Bruce Guyton*
           United States Magistrate Judge