**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| Samantha Bacon, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No.: 3:14-CV-192-PLR-HBG |
| | ) | |
| Subway Sandwiches & Salads LLC, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in this proposed class action allege the defendants have violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 205 *et seq.*, by failing to compensate them and other similarly situated plaintiffs for all hours worked. The defendants allegedly accomplished this by, among other things, requiring employees to work while "off the clock" for breaks and closing, by failing to compensate employees for time spent attending staff meetings, and by altering time records so that employees were not paid for work actually performed. In addition to the FLSA claims, the plaintiffs assert conversion, civil conspiracy, breach of contract, and unjust enrichment claims.

The plaintiffs have moved for conditional class certification [R. 12], and the magistrate judge has issued a report and recommendation (the "R&R") on that motion. [R. 41]. The defendants filed a timely objection to the R&R, and they have filed motions to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). [R. 43, 9, 22]. For the reasons stated below, the defendants' motions to dismiss will be granted

in part and denied in part. Their objections to the R&R will be overruled, and the plaintiffs' motion for conditional certification will be granted.

## I. Background

The plaintiffs in this case are non-managerial employees at the defendants' Subway restaurants. While the defendants are organized as several separate restaurants, the plaintiffs contend they are actually interrelated and constitute a single employer for the purposes of the FLSA. The defendants share common offices, common record keeping, common management, and allegedly even common ownership. The defendants use a standard employee handbook that applies to all of the plaintiffs at the defendant Subway locations. The employee handbook contains a single "main telephone number" for employees to call, regardless of which location they work for, for emergencies or "for reporting employment issues."

According to the plaintiffs, they have been forced to work while "off the clock," and the defendants have even gone as far as to manipulate time records to reduce the amount of their employees' compensation. The plaintiffs contend that these are wilful alterations made by managers for the purpose of reducing labor costs and qualifying themselves for performance bonuses. This bonus system allegedly incentivizes managers to cut hours from the employees' time worked, thereby denying the plaintiffs fair pay for their work performed as well as denying them minimum wage and overtime pay under the FLSA.

At this early stage in the case, the defendants strenuously maintain that they operate separate and distinct restaurants, and are not a joint employer for the purpose of

the FLSA. The defendants have moved to dismiss the plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), and they oppose conditional class certification as recommended by the magistrate judge.

## II. Standard of Review

Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990).

The court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.3d 434, 436 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

The magistrate judge's report and recommendation will be reviewed under the "clearly erroneous" standard. This standard of review is quite deferential. It requires the reviewing court, based on all the evidence, to be "left with the definite and firm conviction that a mistake has been made." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Even if this court views the evidence differently, it must defer to the magistrate's conclusion unless there is a firm conviction that a mistake has been made. *Id.* at 573-74.

## III. Discussion

### A. Motions to Dismiss

#### i. FLSA Preemption

The defendants move to dismiss the plaintiffs' breach of contract and unjust enrichment claims to the extent they seek overtime compensation because they contend such claims are preempted by the FLSA. Both parties rely on Judge Greer's decision in *Cannon v. Citicorp Credit Servs., Inc.*, 2014 WL 1267279 (E.D. Tenn. March 26, 2014), to support their arguments regarding preemption. In *Cannon*, Judge Greer surveyed the district court decisions of this circuit and found that breach of contract and unjust enrichment claims are not preempted by the FLSA. *Id.* at 9 (citing *Woodall v. DSI Renal, Inc.*, 2012 WL 1038626, at *3-6 (W.D. Tenn. Mar. 27, 2012), and *Carter v. Madison County Hosp. Dist.*, 2011 WL 1256625 (W.D. Tenn. Mar. 31, 2011)). However, Judge Greer noted that, "[i]f, at a later time, it becomes clear that the plaintiffs do seek compensation under these Counts for what would also be classified as overtime, then the Court may readdress the issue" to avoid a duplication of remedies. *Id.*

The plaintiffs contend their breach of contract and unjust enrichment claims are not for overtime compensation, but are for "gap time," which the plaintiffs state does not include overtime compensation. Gap time, according to the plaintiffs seeks "straight time compensation" that may be recoverable in conjunction with overtime compensation. (R. 27, Plaintiffs' Response, Page ID 294). Accordingly, the plaintiffs' breach of contract and unjust enrichment claims will not be dismissed as preempted by the FLSA. If, however, at a later point in this litigation it becomes clear that the plaintiffs seek overtime compensation in their breach of contract or unjust enrichment claims, the Court may reassess those claims to avoid duplicative recovery.

**ii. Conversion**

The defendants move to dismiss the plaintiffs' conversion claim because the plaintiffs do not have a property right in unpaid wages. Under Tennessee law, a *prima facie* case of conversion requires demonstration of "the appropriation of the thing to the party's own use and benefit, by exercise of dominion over it, in defiance of the plaintiff's right." *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977).

While the Tennessee Courts do not appear to have addressed the issue, past decisions in this jurisdiction and others have found that "an employer's alleged failure to pay wages promised does not constitute conversion." *Cannon*, 2014 WL 1267279, at *5; *see also* *Ehrlich v. Howe*, 848 F.Supp. 482, 492 (S.D.N.Y. 1994) ("An action of conversion does not lie to enforce a mere obligation to pay money."); *Temmen v. Kent-Brown Chevrolet Co.*, 605 P.2d 95, 99 (Kan. 1980) (no conversion action for withholding

amounts from an employee's paycheck). Because the plaintiffs do not have a property right in unpaid wages, their claim must sound as a breach of contract. The defendants' motion to dismiss the plaintiffs' conversion claim will be granted.

**iii. Unjust Enrichment**

The defendants argue that the plaintiffs cannot assert unjust enrichment claims because unjust enrichment claims arise only where a contract is implied in law, not where a contract actually exists as the plaintiffs have alleged in the present matter. The plaintiffs' unjust enrichment claim, however, is pled in the alternative to their breach-of-contract claim, and alternative pleading is permissible under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(d)(2) and 8(d)(3). In response, the defendants argue "if the Court finds that the parties were subject to an implied-in-fact contract, then Plaintiffs' unjust enrichment claim must fail as a matter of law." [R. 28, Reply in Support of MTD, Page ID 310]. This argument is premised on the Court making findings of fact—whether there was or was not an implied contract—which is inappropriate in resolving a motion to dismiss. The plaintiffs will be permitted to proceed with their alternative theories.

**iv. Joint Employer Under FLSA**

The defendants contend that the plaintiffs have failed to allege facts sufficient to support their FLSA claims against the defendants as a "joint employer." Under the FLSA, "the issue of joint employment . . . depends upon all of the facts in the particular case and is largely an issue of control." *Politron v. Worldwide Domestic Services, LLC.*, 2011 WL 1883116, at *2 (M.D. Tenn. May 17, 2011) (citing *Keeton v. Time Warner Cable*, 2010 WL 2076813, at *2 (S.D. Ohio May 24, 2010)). The Sixth Circuit has not

formulated a test for identifying a joint employer for FLSA purposes; however, in the context of Title VII, the Sixth Circuit has considered three potential factors to be considered in determining if an entity may be considered a joint employer: (1) exercise of the authority to hire, fire, and discipline; (2) control over pay and insurance; and (3) supervision. *Id.* The plaintiffs have pledged enough facts in support of their joint employer theory to survive a motion to dismiss.

According to the complaint, each of the defendants is owned by one of two individuals—Randall Lowe and John Boike. All of the defendants share a single principal office location at 600 Reliability Circle, Knoxville, Tennessee 37932. This is also the registered agent's address for each of the defendants. According to the employee handbook, which is circulated to the employees of all the defendant locations, each geographic area is overseen by a vice president of operations and other corporate officers, and the defendants appear to share management-level employees in the operation of their stores. The employee handbooks provide a single telephone number for employees of any of the defendant locations to call "for reporting employment issues."

These facts are sufficient to permit the inference that the defendants may operate a single, integrated enterprise that is a "joint employer" for the purposes of the FLSA. After the parties engage in discovery, they will be better prepared to make their cases, and present evidence regarding this factual determination. The defendants' motion to dismiss in this regard will be denied.

### v. Civil Conspiracy

Finally, the defendants assert that the plaintiffs have failed to plead their civil conspiracy claim with sufficient particularity. The plaintiffs alleged that the defendants "conspired with their store manager and district manager employees, including Brenda Gibbs, Felicia Davis, Wendy Latham, and many others by instituting and carrying out a bonus scheme which incentivizes store managers and district managers to reduce labor costs." [R. 14, Page ID 158]. According to the defendants, because the plaintiffs fail to identify *which* defendants allegedly conspired with these individuals, their allegations are insufficient and should be dismissed.

Under Tennessee law, "[c]onspiracy claims must be pled with some degree of specificity . . . . [and c]onclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Marshall v. ITT Tech. Inst.*, 2012 WL 1205581, at *4 (E.D. Tenn. Apr. 11, 2012) (quoting *Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010)). The plaintiffs have made more than conclusory allegations. They have specifically alleged a scheme whereby all the defendants conspired with their district managers, store managers, and corporate officers, by implementing a bonus scheme that incentivizes decreased labor costs obtained by altering payroll records and requiring employees to work while off the clock. The defendants' argument that the plaintiffs failed to identify which defendants are accused of engaging in the civil conspiracy is misplaced. The plaintiffs contend that *all* the defendants allegedly conspired with the named individuals.

Alternatively, the defendants argue that the intracorporate conspiracy immunity doctrine bars the plaintiffs' civil conspiracy claims "if the Court finds Defendants to be an 'integrated enterprise' or 'joint employer' of Plaintiffs." [R. 28, Reply in Support of MTD, Page ID 311]. As with the defendants' unjust enrichment theory, their intracorporate immunity theory relies on the Court making factual findings. Such findings are inappropriate in ruling on a motion to dismiss. The defendants' motions to dismiss will be denied with respect to the civil conspiracy claims.

**B. Conditional Class Certification**

**i. Sufficient Similarity for Collective Action Treatment**

The purpose of conditional certification is "to provide notice to potential plaintiffs and to present them with an opportunity to opt in." *Lindberg v. UHS of Lakeside*, 761 F.Supp.2d 752, 757-58 (W.D. Tenn. 2011). The standard for certification is "fairly lenient" and only requires "a modest factual showing" that the plaintiffs are similarly situated to the other employees they seek to notify. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). The lead plaintiffs "bear the burden of showing that the opt-in plaintiffs are similarly situated to the lead plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

The FLSA does not define "similarly situated;" however, the Sixth Circuit has stated that relevant considerations include the factual and employment settings of the individual plaintiffs; the different defenses to which the plaintiffs may be subject; and the degree of fairness and procedural impact of certifying the action as a collective action. *Id.* The plaintiffs can be deemed similarly situated "because their claims [are] unified by

common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* at 585.

In the R&R, the magistrate judge found that the plaintiffs had met their burden by demonstrating that the claims of the plaintiffs and the potential opt-in plaintiffs are unified by common theories of the defendants' statutory violations. The defendants, however, argue that the proof of violations will be so individualized on a store by store basis, "with the differences dependent on the specific store manager's conduct or alleged conduct . . . , so as to preclude a finding that Plaintiffs and potential opt-in plaintiffs are similarly situated." [R. 43, Page ID 402]. This argument is based on the defendants' contention that their Subway restaurants are separate, autonomous business units, "wherein the individual store managers are directly largely responsible for hiring and training, directing the work, and scheduling the hours." *Id.*

For the same reasons discussed above, with respect to the defendants' "joint-employer" arguments, this argument is not persuasive. The plaintiffs have pled sufficient facts to support their contention that the defendants operate their stores as a joint employer, with shared management, policies, employee handbooks, and even office space. The proof of violations will not be so different, store to store, as the defendants contend. While the defendants might disagree with the magistrate's interpretation of the evidence, they have not shown that the magistrate's conclusion is clearly erroneous or contrary to law. The defendants' objection to conditional certification will be overruled, and the plaintiffs' motion for conditional certification will be granted.

### ii. Notice to Potential Opt-in Plaintiffs

The defendants also object to three-year statute of limitations period in the magistrate judge's proposed notice. They contend, instead, that a two-year period is appropriate because the defendants' actions were not willful. The FLSA permits plaintiffs to collect damages within a three-year statute of limitations period if they can show that the defendant's violations were willful. A willful violation occurs where the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the state." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Whether the defendants' conduct was willful or not is a factual determination not appropriate at this early stage in the litigation. During discovery, the plaintiffs will have the opportunity to elicit facts concerning willfulness, and, later, the defendants will have the opportunity to assert their statute of limitations argument. The magistrate judge reasonably concluded that "at the first stage of a collective action certification it is a better practice to calculate the scope of the class to be three years, even if some of the persons who initially receive notice will not ultimately be eligible for inclusion in the collective action." [R. 41, Page ID 390] (citing *Adams v. MedPlans Partners, Inc.*, 2007 WL 4291303, at *2 (W.D. Ky. 2007)). The defendants' objection to calculating the scope of the class to three years for the purpose of conditional certification will be overruled.

## IV. Conclusion

For the above state reasons, the defendants' motions to dismiss [R. 9, 22] are **GRANTED IN PART** and **DENIED IN PART.** They are granted with respect to the plaintiffs' conversion claims. They are otherwise denied.

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the magistrate judge's recommendation that plaintiffs' motion for conditional certification be granted. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation [R. 41] under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). For the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into its ruling, the plaintiff's motion for conditional certification [R. 12] is **GRANTED** as follows:

1. This case is conditionally certified as a collective action of non-manager employees, who performed work for Subway Sandwiches & Salads, LLC; Eastern Tennessee Subway Development, Inc.; Chattanooga Subway, LLC; East Tennessee Subway, LLC; Tri Cities Subway, LLC; Five Star Subway, LLC; Foothills Subway, LLC; Subsidy, LLC; Subland Partnership; Lowe Holdings, LLC; Macon Subway, LLC; John P. Boike; and Randall E. Lowe, and were compensated for their work with an hourly wage, from April 11, 2011 to April 11, 2014.
2. The plaintiffs request for expedited discovery is **GRANTED IN PART** and **DENIED IN PART**, and the defendants are **ORDERED** to produce a list of the names, the last-known addresses, phone numbers, and e-mail addresses of

persons who worked for the defendants as non-manager, hourly-wage employees from the three years preceding the filing of the Complaint, *i.e.* April 11, 2011, through the filing of the Complaint on April 11, 2014, within **twenty-one (21) days** of entry of this Order.

3. The request for notice to the potential opt-in plaintiffs is **GRANTED IN PART** and **DENIED IN PART.** The plaintiffs are **ORDERED** to modify the notice of suit and opt-in form in a manner consistent with the instructions above, and they are **ORDERED** to file a blank copy of both the notice and the opt-in form with the Court within **five (5) days** of entry of this Order.

**IT IS SO ORDERED**.

______________________________
**UNITED STATES DISTRICT JUDGE**