UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMANTHA BACON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-192-PLR-HBG |
| | ) | |
| SUBWAY SANDWICHES & SALADS, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-In Plaintiffs [Doc. 32]. The Defendants have responded in opposition to the Plaintiffs' motion, [Doc. 36], and the Plaintiffs have made a final reply in support of their position, [Doc. 37]. The Plaintiffs' Motion for Equitable Tolling is now ripe for adjudication, and for the reasons stated herein, it will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

In their Complaint, Plaintiffs allege that the Defendants have violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 205 *et seq.*, by failing to compensate them and other similarly-situated employees for all hours worked. The Defendants deny liability. [See Docs. 9, 22].

This case was originally filed on April 11, 2014, in the Circuit Court for Sevier County, Tennessee, and then removed to this Court on May 13, 2014. The Defendants filed a Motion to Dismiss on June 11, 2014. [Doc. 9]. On July 2, 2014, the Plaintiffs filed an Amended Complaint [Doc. 14], and on July 16, 2014, the Defendants filed a Motion to Dismiss the Amended Complaint [Doc. 22]. Plaintiffs also filed a Motion for Conditional Collective Action Certification and for Notice to Potential Class Members [Doc. 12] on June 19, 2014, and Defendants opposed [Doc. 21] on July 11, 2014. On February 19, 2015, the Court accepted in whole the report and recommendation [Doc 41] granting in part the Plaintiffs' motion for conditional certification. This case has been set for jury trial on February 2, 2016.

## II. Parties' Positions

In the Motion for Equitable Tolling, the Plaintiffs move the Court to toll the statute of limitations for potential opt-in plaintiffs starting from either: (1) June 11, 2014, the date Defendants filed their first Motion to Dismiss [Doc. 9], or (2) on June 19, 2014, the date Plaintiffs filed their Motion for Conditional Collective Action Certification [Doc. 12]. In support of the requested relief, the Plaintiffs argue, *inter alia*, Defendants' voluminous filings and periodic delays in this case have contributed to the probability that notice to potential opt-in plaintiffs will not occur until six months or more after the initial filing of the Complaint in this matter, through no fault of the named Plaintiffs or the potential opt-in plaintiffs. [Doc. 33 at 3]. Thus, the Plaintiffs argue that equitable tolling should be provided to the plaintiffs, including potential opt-in plaintiffs who are currently unaware of this litigation and their ability to participate, because extraordinary circumstances exist to warrant the requested relief. [Doc. 33 at 4].

The Defendants respond that equitable tolling is not warranted in this case because "Plaintiffs have failed to show that extraordinary circumstances warranting the application for the equitable tolling doctrine are present in this case." [Doc. 36 at 2]. The Defendants rely on Abadeer v. Tyson Fresh Meats, Inc., which requires a plaintiff seeking equitable tolling to establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Abadeer v. Tyson Fresh Meats, Inc., 2010 U.S. Dist. LEXIS 13678, *9 (M.D. Ten. Dec. 14, 2010). The Defendants argue that the delays associated with Defendants' Motion to Dismiss and with the collective action certification process are not "extraordinary circumstances." Additionally, Defendants cite the Court to the well-established rule that equitable tolling be used only sparingly.

The Plaintiffs reply to Defendants' response and submit that Defendants' arguments "ignore a wealth of case law demonstrating that equitable tolling is uniquely appropriate in the context of the collective action certification process in FLSA actions." [Doc. 37 at 1]. Plaintiffs also state that Defendants neglect to consider the extraordinary circumstances present in this case that have extended beyond ordinary delays present in federal court litigation. [Id.].

**III.   Analysis**

It is well-established that equitable tolling should be granted only sparingly. Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 90 (1990); Amini v. Overlin Coll., F.3d 493, 500 (6th Cir. 2001). The Supreme Court of the United States has explained, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Courts routinely grant equitable tolling in the FLSA

collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions. <u>Israel Antonio-Morales v. Bimbo's best Produce, Inc.</u>, 2009 WL 1591172 (E.D. La. Apr. 20, 2009).

The Court of Appeals for the Sixth Circuit has identified five factors for trial courts to consider in evaluating requests for equitable tolling, which include: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. <u>Allen v. Yukins</u>, 366 F.3d 396, 401 -402 (6th Cir. 2004).

Courts within this Circuit have applied these factors to requests for equitable tolling in FLSA claims and concluded that the relief requested should be granted. In <u>Abadeer v. Tyson Foods, Inc.</u>, 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010), the court found that equitable tolling of the FLSA action was appropriate to allow the court time to rule on pending motions and so as not to prejudice the workers involved in the suit, <u>id.</u> at *3. The court described no other delays beyond the ordinary amount of time necessary to consider the motion for collective action certification and to determine the form of the opt-in notice. It has been found that the ordinary delays to be expected as a lawsuit works its way through federal court can alone justify equitable tolling in FLSA opt-in cases. The court in <u>Baden-Winterwood v. Life Time Fitness</u>, 484 F.Supp.2d 822, 826 (S.D. Ohio 2007), also found that tolling the statute of limitations for the FLSA claims was appropriate.

In this case, the Court finds that the request for equitable tolling is well-taken. The Court finds the potential opt-in plaintiffs almost certainly lack notice or constructive knowledge of the

filing requirement and lack knowledge of the FLSA of their potential claim. The Court further finds that the named Plaintiffs have been diligent in pursuing their rights.

Based upon the foregoing, the Court will grant the Plaintiffs' requested relief, except that the Court finds that the tolling of the statute of limitations should begin on the date the Motion to Dismiss [Doc. 22] was filed by the Defendants. The Court has considered the Defendants' argument that the delay in this case is not exceptional, and the Court finds that the delay became exceptional when the Defendants moved to dismiss the amended complaint. The Motion to Dismiss was filed July 16, 2014, and at that point, the Court finds that this case deviated from the usual timeline for a FLSA action. Thus, the Court will allow equitable tolling from July 16, 2014.

Accordingly, the Court finds that the Plaintiffs' Motion for Equitable Tolling on Behalf of Potential Opt-In Plaintiffs **[Doc. 32]** is well-taken and it is **GRANTED IN PART** and **DENIED IN PART**, as stated above.

### IV. Conclusion

The statutes of limitations applicable to the FLSA claims that Plaintiffs seek to litigate on behalf of themselves and any opt-in plaintiffs are **TOLLED** from **July 16, 2014 to February 19, 2015**, the date of entry of the District Judge's Order of Conditional Certification. [Doc. 46].

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge